| | |
|---|---|
| **ROBERT CUMMINS**<br>117 Paradise Drive<br>Harve de Grace, Maryland 21078<br><br>and<br><br>**MELISSA CUMMINS**<br>117 Paradise Drive<br>Havre de Grace, Maryland 21078<br><br>*Plaintiffs*<br><br>v.<br><br>**MARYLAND TRANSIT ADMINISTRATION**<br>6 Saint Paul Street<br>Baltimore, Maryland 21202<br><br>    <u>Serve</u>: Holly Arnold<br>           Acting Administrator<br>           6 Saint Paul Street<br>           Baltimore, Maryland 21202<br><br>and<br><br>**NATIONAL RAILROAD PASSENGER CORPORATION A/K/A/ AMTRAK**<br>60 Massachusetts Avenue, N.E.<br>Washington, D.C. 20002<br><br>    <u>Serve</u>: Eleanor D. Acheson<br>           General Counsel, Amtrak<br>           60 Massachusetts Avenue,<br>           N.E.<br>           Washington, D.C. 20002<br><br>*Defendants* | IN THE<br><br>CIRCUIT COURT<br><br>FOR<br><br>ANNE ARUNDEL COUNTY<br><br><br>Case No.: _____ |

## COMPLAINT AND ELECTION FOR JURY TRIAL

Plaintiffs, Robert and Melissa Cummins, Individually and as husband and wife, through their attorneys, Ryan S. Perlin and Bekman, Marder, Hopper, Malarkey & Perlin, LLC, hereby

1

sue the Defendants, Maryland Transit Administration and National Railroad Passenger Corporation also known as Amtrak, and, in support thereof, states as follows:

## PARTIES, VENUE, JURISDICTION

1. Plaintiffs, Robert and Melissa Cummins, are residents of Harford County, Maryland.

2. Defendant, Mass Transit Administration ("MTA"), is a governmental entity in the State of Maryland's Department of Transportation which owns, operates, and/or controls the train stations along the MARC train Penn line.

3. Defendant, National Railroad Passenger Corporation, a/k/a Amtrak ("Amtrak"), is a corporation organized and existing under the laws of the United States of America with its principal place of business located at 60 Massachusetts Avenue, Washington, D.C. 20002.

4. At all times relevant and material hereto, Amtrak has carried out, and continues to carry out, substantial, continuous and systematic activities in the State of Maryland and have purposely established significant contacts within Maryland.

5. The injuries and damages alleged in this lawsuit arise out of, and are related to, Amtrak's contacts and activities as a common carrier in Maryland.

6. At all relevant times, both Defendants were acting by and through their employees, servants, agents, workers, and/or staff, all of whom were acting within the course and scope of their employment in Maryland, for and on behalf of the Defendants.

7. At all relevant times, both Defendants by and through their agents, apparent agents, servants, workers, and/or employees, owned, operated, controlled, managed, maintained, possessed, leased, and/or were otherwise legally responsible for the care, control, maintenance, and/or safety of the walkways, bridges, temporary bridges, pedestrian footbridges and platforms

located at the Odenton MARC Station located at 1400 Odenton Road, Odenton, Maryland 21113 (referred to hereinafter as "The MARC Station").

8. Venue is proper in the Circuit Court for Anne Arundel County, Maryland as all of the events giving rise to this claim occurred in Anne Arundel County, Maryland.

## CONDITIONS PRECEDENT

9. Notice of this claim was timely given pursuant to the Maryland State Tort Claims Act, codified at Md. Code Ann., State Govt. § 12-106 and 12-107, and the Maryland Transit Administration Tort Claims Act, codified at Md. Code Ann., Trans. § 7-702.

10. Plaintiffs have complied with all conditions precedent to the institution of this suit.

## STATEMENT OF FACTS

11. On Wednesday, June 27, 2018, the Plaintiff, Robert Cummins, rode the MARC-Penn Line passenger train from the Aberdeen MARC Station to the Odenton MARC Station while commuting to his workplace.

12. The Odenton MARC station has three train tracks. On that date, the "3 Track" in Odenton was under construction, but southbound trains were operating on the center "2 Track." Passengers entering and exiting a train on the 2 Track were to cross over the 3 Track in order to access the platform using pedestrian footbridges which were designed, built, installed, operated, maintained, and owned by the Defendants.

13. Mr. Cummins was a passenger on a train that arrived at the Odenton MARC Station at approximately 7:03 a.m. on June 27 on the 2 Track. There were no train employees stationed at the door Mr. Cummins was exiting.

14. The MARC Station's pedestrian footbridge did not properly align with the train door that Mr. Cummins was exiting on that day, resulting in an unreasonably large gap between the train and the pedestrian footbridge, as well as a vertical height difference between the pedestrian footbridge and the threshold of the train.

15. As Mr. Cummins stepped off the train, his foot struck the elevated pedestrian footbridge, forcing his foot down into the unreasonably large gap between the footbridge and the train, and causing him to fall forward.

16. Mr. Cummins experienced immediate pain from what he would later learn was a fracture of the shaft of his right tibia.

17. Mr. Cummins was transported by ambulance to University of Maryland Baltimore Washington Medical Center. He was admitted to the emergency department where it was determined that he had sustained a closed displaced transverse fracture of the shaft of the right tibia. Mr. Cummins was hospitalized until June 29, 2018.

18. Mr. Cummins' injuries were the result of a defective and dangerous conditions created, and allowed to persist, by the Defendants, through their agents, workers, and employees.

## COUNT I – Negligence

19. Plaintiff, Robert Cummins, adopts and incorporates by reference herein all preceding paragraphs, including all allegations of fact, duty, negligence, injury, and damages, as are more fully set forth in this Complaint.

20. At all times relevant hereto, Defendant, by and through its apparent agents, servants, and/or employees, were common carriers and owed the highest duty of care to the public at large, and to Plaintiff, Robert Cummins, as an invitee and occupant of The MARC Station, to take all precautions reasonably necessary to exercise due care to keep The MARC

Station safe and free from defects, to protect the Plaintiff from unreasonable risks of harm, to warn the Plaintiff of all unreasonable risks of harm, to inspect The MARC Station, to ascertain the condition of The MARC Station, to discover any unreasonable risks of harm, to not injury its occupants, including the Plaintiff, and to refrain from causing unreasonably dangerous conditions such as an unsafe pedestrian walkway bridge, which duty of care included, but was not limited to, the duty to reasonably ensure the walkways and foot bridges were safe for public use, safe for pedestrian walking, were free from all tripping or falling hazards, and/or to keep the premises in a reasonable and safe condition fit for public travel and/or to post warning signs or barriers to warn the public of unsafe or unreasonably dangerous conditions.

21. Defendants, by and through its agents, apparent agents, servants, workers, and/or employees, were negligent and careless, and violated their high duty of care to the Plaintiffs, in the following respects:

   a. Created and allowed to persist an unsafe, dangerous, defective, and/or hazardous condition in the pedestrian walkway at The MARC Station;

   b. Failed to make the walkway, bridge and train egress safe for pedestrian traffic;

   c. Failed to discover an unreasonably dangerous and hazardous condition;

   d. Created and allowed to persist an unreasonably large gap between the train and the pedestrian bridges at The MARC Station;

   e. Created and allowed to persist an unreasonable height difference between the train and the pedestrian bridges at The MARC Station;

    f.    Failed to make proper inspections which would have discovered the unreasonably dangerous and hazardous conditions of the pedestrian footbridges;

    g.    Failed to remove, repair, or replace the unreasonably dangerous and unreasonably dangerous and hazardous condition;

    h.    Failed to warn pedestrians of the presence of an unreasonably dangerous and hazardous condition;

    i.    Failed to warn invitees of the unreasonably dangerous condition caused gap at the pedestrian walkway bridge;

    j.    Failed to provide for a safe walking pathway for Plaintiff to exit the train;

    k.    were otherwise negligent and careless and breached the duty owed to the Plaintiff.

22.    As a direct and proximate result of the negligence of Defendant, Plaintiff suffered serious and permanent physical injuries, for which he has incurred and will continue to incur substantial medical bills; has endured and will continue to endure emotional, mental, and psychological pain and suffering; has suffered other financial losses, including lost time from work; and was otherwise injured and damaged.

WHEREFORE, Plaintiff, Robert Cummins, claims damages against Defendant in an amount exceeding seventy-five thousand dollars ($75,000.00) to be determined by a jury, with all costs to be paid by Defendants.

## COUNT II – Loss of Consortium

23.    Plaintiffs, Robert Cummins and Melissa Cummins, as husband and wife, adopt and incorporate all preceding paragraphs as if fully stated herein.

24. At all pertinent times herein, the Plaintiffs were and still are husband and wife and resided together.

25. As a result of the negligence of the Defendants, Plaintiffs were, are, and may continue to be deprived of the consortium, companionship, affection, assistance, society, and support of their spouse, which has been, and which will continue to be, to their physical, emotional, psychological, and financial damage and loss.

26. All of the damages, losses and injuries resulted directly from the negligence, carelessness, recklessness and wrongful acts and omissions of the Defendant without any negligence on the part of the Plaintiffs thereunto contributing.

WHEREFORE, the Plaintiffs, Robert Cummins and Melissa Cummins, claim damages in an amount exceeding $75,000.00 against the Defendant, Mass Transit Administration, to be determined by a jury, with all interest and costs to be paid by the Defendant.

*[signature]*

Ryan S. Perlin (CPF No.: 0512150036)
perlin@bmalawfirm.com

/s/ *Gregory G. Hopper*

Gregory G. Hopper (CPF No.: 9912150047)
hopper@bmalawfirm.com

BEKMAN, MARDER, HOPPER,
    MALARKEY AND PERLIN, LLC
1829 Reisterstown Road, Suite 200
Baltimore, Maryland 21208
410-539-6633

*Attorneys for Plaintiffs*

| | |
|---|---|
| **ROBERT AND MELISSA CUMMINS** | IN THE |
| *Plaintiffs* | CIRCUIT COURT |
| | FOR |
| v. | ANNE ARUNDEL COUNTY |
| **MARYLAND TRANSIT ADMINISTRATION, et al.** | |
| | Case No.: _____ |
| *Defendants* | |

## ELECTION FOR JURY TRIAL

The Plaintiffs, Robert Cummins and Melissa Cummins, by and through their attorneys, Ryan S. Perlin and Bekman, Marder, Hopper, Malarkey & Perlin, LLC, hereby elect to have their case tried before a jury.

*[signature]*

_____
Ryan S. Perlin (CPF No.: 0512150036)
perlin@bmalawfirm.com

*/s/ Gregory G. Hopper*

_____
Gregory G. Hopper (CPF No.: 9912150047)
hopper@bmalawfirm.com

BEKMAN, MARDER, HOPPER,
    MALARKEY AND PERLIN, LLC
1829 Reisterstown Road, Suite 200
Baltimore, Maryland 21208
410-539-6633

*Attorneys for Plaintiffs*